Order Filed on December 13, 2018 by Clerk U.S. Bankruptcy Court District of New Jersey

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY
Caption in Compliance with D.N.J. LBR 9004-2

KML Law Group, P.C.
Denise Carlon, Esquire
216 Haddon Avenue, Suite 406
Westmont, NJ 08108
215-627-1322
dcarlon@kmllawgroup.com
Attorneys for Movant: Ditech Financial LLC

In Re:
Diane Hall fka Diane Johnson, aka
Diane Johnson-Hall,

　　　　　Debtor.

Case No. 17-10102-JNP

Chapter 13

Judge:  Jerrold N. Poslusny, Jr.

**CONSENT ORDER RESOLVING TRUSTEE'S OBJECTION TO PROOF OF CLAIM #9-1 AND FOR LIMITED STAY RELIEF**

The relief set forth on the following pages, numbered two (2) through four (4) is hereby **ORDERED**.

**DATED: December 13, 2018**

_____
Honorable Jerrold N. Poslusny, Jr.
United States Bankruptcy Court

Page 2
Debtors: Diane Hall
Case No.: 17-10102-JNP
Caption: **CONSENT ORDER RESOLVING TRUSTEE'S OBJECTION TO PROOF OF CLAIM #9-1 AND FOR LIMITED STAY RELIEF**

This matter being opened to the Court by the Standing Chapter 13 Trustee, Jennifer Gorchow, Esquire appearing; KML Law Group, P.C. attorneys for Ditech Financial LLC, Denise Carlon, Esquire appearing; and Richard S. Hoffman, attorney for Debtor, Diane Hall a/k/a Diane Johnson-Hall f/k/a Diane Johnson; and:

**WHEREAS** Debtor executed a note and mortgage in favor of Accredited Home Lenders with MERS as nominee ("Accredited Home Lenders mortgage"), said mortgage being recorded on June 29, 2007;

**WHEREAS** the note and mortgage were secured by real property known as 228 Pennsylvania Avenue, Franklinville, New Jersey 08322;

**WHEREAS** in January of 2008, Debtor refinanced the Accredited Home Lenders mortgage with a loan from Flagstar Bank ("Flagstar mortgage"); The Accredited Home Lenders mortgage was thereafter discharged, but the Flagstar Bank mortgage was not recorded;

**WHEREAS** the Debtor obtained a loan modification from Flagstar Bank in 2012; the Flagstar modification incorrectly made reference to the discharged Accredited Home Lenders mortgage rather than the unrecorded Flagstar mortgage that was being modified;

**WHEREAS** thereafter, the Flagstar mortgage was assigned to Ditech; the assignment of mortgage incorrectly made reference to the discharged Accredited Home Lenders mortgage rather than the unrecorded Flagstar Mortgage that was being assigned;

**WHEREAS** the Debtor obtained a loan modification from Ditech in 2017; the Flagstar modification incorrectly made reference to the discharged Accredited Home Lenders mortgage rather than the unrecorded Flagstar Mortgage that was being modified;

Page 3
Debtors:        Diane Hall
Case No.:       17-10102-JNP
Caption:        CONSENT ORDER RESOLVING TRUSTEE'S OBJECTION TO PROOF OF CLAIM #9-1 AND FOR LIMITED STAY RELIEF

WHEREAS Proof of Claim #9-1 filed on behalf of Ditech contained the note executed in favor of Flagstar Bank, the Flagstar mortgage, and the 2012 Flagstar modification. The Trustee objected to same due to the fact that the Flagstar mortgage was unrecorded;

WHEREAS Ditech remains the holder of the Note and Mortgage intended to be secured by real property known as 228 Pennsylvania Avenue, Franklinville, New Jersey 08322;

WHEREAS the parties have agreed to amicably agreed to resolve all disputes,

IT IS HEREBY ORDERED, ADJUDGED and DECREED

- Ditech be and is hereby declared to hold a valid first mortgage lien on the property located at 228 Pennsylvania Avenue, Franklinville, New Jersey 08322; and

- Ditech shall have limited relief from stay in order to record the Flagstar mortgage, the assignment of the Flagstar mortgage into Ditech, and the 2012 and 2017 loan modifications with the Clerk of Gloucester County; and

- Said limited stay relief shall include the recording of said mortgage, loan modifications, assignments of mortgage, and any corrections thereto, and any subordination agreements; and

- Said limited stay relief shall include the filing and prosecution of any action in State Court to allow for the recording of any and all of the aforementioned loan documents and/or corrections thereto nunc pro tunc and/or any quiet title action and/or any other action needed to record this Mortgage and determine its priority including subordination agreements; and

Page 4
Debtors:      Diane Hall
Case No.:     17-10102-JNP
Caption:      CONSENT ORDER RESOLVING TRUSTEE'S OBJECTION TO
              PROOF OF CLAIM #9-1 AND FOR LIMITED STAY RELIEF

- Ditech, through its title insurer Old Republic, shall pay the balance of all unsecured claims filed in this case as of October 1, 2018, totaling $6,156.03, plus the Trustee's commissions thereon within 30 days of the entry of this order; and

- The Trustee's objection to proof of claim # 9-1 is hereby resolved.

We hereby consent to the form and entry of the within Consent Order contained on pages two through four.

KML Law Group P.C.
Attorneys for Creditor, Ditech Financial LLC

By: *Denise Carlon*                Dated: 11.26.2018
    Denise Carlon, Esq.


Hoffman Dimuzio
Attorneys for Debtor, Diane Hall f/k/a Diane Johnson a/k/a Diane Johnson Hall

By: *[signature]*                  Dated: 11-16-18
    Richard S. Hoffman, Jr., Esq.


Office of Isabel C. Balboa Chapter 13 Standing Trustee

By: *[signature]*                  Dated: 11/20/18
              , Esq.


Finestein & Malloy, LLC
Attorneys for Old Republic National Title Insurance Company
By: *[signature]*                  Dated: 12/14/18
    Daniel L. Finestein, Esq.